UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-50-TWP-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARVIN GOLDEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cr-00050-TWP-DML |
| ) | |
| MARVIN GOLDEN, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Marvin Golden ("Mr. Golden") has filed a Motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 48.) Mr. Golden seeks immediate release from incarceration due to risks associated with the Coronavirus pandemic. (Dkts. 48, 60, 63.) For the reasons explained below, his Motion is **denied**.

## I. BACKGROUND

In February 2015, the Court sentenced Mr. Golden to 240 months in prison and 10 years of supervised release after he pled guilty to one count of possession with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 851. (Dkts. 32, 35.) Because the Government filed an Information under 28 U.SC. § 851 showing that Mr. Golden had been convicted of a prior drug felony, (*see* Dkt. 31), the mandatory minimum sentence was the sentence he received—240 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. Aug. 3, 2010 to Dec. 20, 2018).

Mr. Golden is 42 years old. When he filed his Motion, he was incarcerated at FCI Elkton in Lisbon, Ohio. During his incarceration, FCI Elkton experienced a significant outbreak of COVID-19, and the Bureau of Prisons ("BOP") reports that 905 inmates at FCI Elkton have

2

recovered from the virus.  *See* https://www.bop.gov/coronavirus/ (last visited Nov. 16, 2020). While Mr. Golden's Motion was pending, he was transferred to FCI Fort Dix in New Jersey.  (*See* Dkt. 64.)  As of November 16, 2020, the BOP reports that FCI Fort Dix has 233 active cases of COVID-19 among inmates and 15 cases among staff; it also reports that 41 inmates and 6 staff members at FCI Fort Dix have recovered from the virus.  *See* https://www.bop.gov/coronavirus/ (last visited Nov. 16, 2020).

Mr. Golden represents that he has been in custody since January 2014.  (Dkt. 60 at 2.)  The BOP lists Mr. Golden's release date as January 25, 2031.

On May 19, 2020, Mr. Golden filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Dkt. 48.)  The Court appointed counsel to represent Mr. Golden.  (Dkt. 51.)  Counsel appeared on his behalf, (Dkt. 52), but later withdrew, (Dkts. 57, 58).  After counsel withdrew, the Court informed Mr. Golden that his *pro se* motion lacked sufficient information for the Court to determine whether he was entitled to compassionate release.  (Dkt. 59.)  The Court directed Mr. Golden to supplement his motion by completing and returning the Court's form compassionate release motion.  *Id.*  Mr. Golden did not return the form compassionate release motion, but he did submit two supplements.  (Dkts. 60, 62.)  The Government responded on October 7, 2020.  (Dkt. 63.)  Mr. Golden has not filed a reply, and the time for doing so has passed.  (*See* Dkt. 61.)  Thus, his Motion is ripe for decision.

## II.    DISCUSSION

Mr. Golden seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i).  (Dkts. 60, 62.)  Mr. Golden originally asserted that he should be released because he suffers from hypertension and is at risk of experiencing severe symptoms if he contracts COVID-19.  (Dkt. 60 at 17-18.)  He also argues that the fact that he is

3

African-American increases his risk of severe symptoms. *Id.* at 19. While his Motion was pending, however, Mr. Golden was infected with COVID-19. (Dkt. 62 (stating that Mr. Golden tested positive for COVID-19 on September 2, 2020).) He does not claim to have experienced any symptoms, *see id.*, and his medical records show that he remained asymptomatic after being infected, (*see* Dkt. 63-3 at 1, 12–13). The Government contends that Mr. Golden has not shown an extraordinary and compelling reason warranting a sentence reduction. (Dkt. 63.)

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[1] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy

---

[1] The Government concedes that Mr. Golden exhausted his administrative remedies. (Dkt. 55.)

4

statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[2] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction.  *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019).  There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings.  First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (3).  Second, the Court must determine whether Mr. Golden is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable."  U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the

---

[2] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A).  The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies.  *See* 132 Stat. at 5239 (First Step Act § 603(b)).

only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[3]

Mr. Golden does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case. The Court concludes that it does not.

The risk that Mr. Golden faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. Mr. Golden originally argued that he faced an increased risk of developing severe symptoms from COVID-19 because he had hypertension. (Dkt. 60.) But Mr. Golden contracted COVID-19 more than two months ago. He does not contend that he is suffering from any lasting effects from the virus—or even that he ever experienced any symptoms at all. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting

---

[3] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Golden's Motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

To the extent Mr. Golden's *pro se* filings can be construed liberally to express a concern about being reinfected with COVID-19, the result does not change. The Court recognizes that FCI Fort Dix is currently in the midst of a COVID-19 outbreak, but any argument that Mr. Golden is likely to be reinfected is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Nov. 13, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has had an asymptomatic case of COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020).

Moreover, Mr. Golden is not at risk of experiencing severe symptoms from COVID-19 if he is reinfected. Mr. Golden claims in his unverified motion that he has hypertension, (*see* Dkt. 60 at 18), and hypertension may increase the risk of experiencing severe COVID-19 symptoms, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited Nov. 16, 2020). But Mr. Golden's medical records do not contain any evidence of elevated blood pressure readings, let alone a diagnosis of hypertension, (*see* Dkts. 63-2 and 63-3). Thus, he has not shown that he has hypertension. Mr.

Golden also claims that his race puts him at risk of experiencing severe COVID-19 symptoms. The Centers for Disease Control and Prevention ("CDC") has recognized that some racial and ethnic minority groups are being disproportionately affected by COVID-19 because of "[l]ong-standing systemic health and social inequities" including poverty, lack of access to healthcare, and concentration in essential work settings. *See* https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Nov. 16, 2020). But the CDC's general guidance about race does not appear to apply specifically to incarcerated populations, which have unique characteristics. Thus, the Court cannot conclude that Mr. Golden's race—standing alone—puts him at risk of experiencing severe COVID-19 symptoms if he is reinfected. The Court has consistently declined to find extraordinary and compelling reasons warranting release when a defendant—like Mr. Golden—is not at an increased risk of experiencing severe COVID-19 symptoms, even when he is incarcerated in a virus "hotspot." *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Given the Court's determination that Mr. Golden has not shown extraordinary and compelling reasons to justify his release, whether Mr. Golden is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors also weigh against his release. Mr. Golden was the organizer of a drug trafficking conspiracy that was responsible for distributing significant quantities of cocaine base and cocaine base. (Dkt. 29.) His offense conduct warranted a significant sentence. Although the mandatory minimum sentence for his crime of conviction might be shorter if he were sentenced today, he has served less than 7 years of his sentence, which is likely less than what the mandatory minimum sentence would be under the new statutory scheme. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. Dec. 21, 2018) (providing for a mandatory

minimum sentence of 10 years with no prior serious drug felony and a mandatory minimum sentence of 15 years with one prior serious drug felony). As a result, the Court cannot conclude that the § 3553(a) factors warrant release at this time.

### III. CONCLUSION

For the reasons stated above, Mr. Golden's Motion for compassionate release, (Dkt. [48]), is **DENIED**.

**SO ORDERED.**

Date: 11/19/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Marvin Golden, #12661-028
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, New Jersey 08460

Michell Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov